UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.** | **1:05 CR 120** |
| | ) | | **(1:09 CV 876)** |
| **Respondent,** | ) | | |
| | ) | **JUDGE DONALD C. NUGENT** | |
| v. | ) | | |
| | ) | **MEMORANDUM OPINION** | |
| **CURTIS JOHNSON,** | ) | **ORDER** | |
| | ) | | |
| **Plaintiff-Respondent.** | ) | | |

This matter comes before the Court upon Petitioner, Curtis Johnson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF # 126).  For the reasons set forth below, Petitioner's Motion is DENIED.

**I.**

On December 5, 2006, a jury found Petitioner guilty of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1 of the Indictment). On January 23, 2007, Petitioner was sentenced to 188 months of incarceration followed by five years of supervised release based on the sentencing guidelines for a total offense level of 31 and a criminal history category of VI.  His sentence also reflected a finding by the Court that he was an armed career criminal, as defined by 18 U.S.C. § 924 (e).

Petitioner appealed his conviction, challenging the Court's earlier denial of a motion to suppress evidence.  The Sixth Circuit Court of Appeals affirmed this Court's ruling on the suppression issue on July 3, 2008.  On April 15, 2009, Petitioner filed a Motion pursuant to 28 U.S.C. §2255, alleging that his sentence was unlawful. (ECF # 126 at 4).  Respondent filed an

Opposition to Petitioner's Motion, asking this Court to deny Petitioner's Motion. (ECF # 135). The matter is fully briefed and ready for disposition.

## II.

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or, (4) the sentence "is otherwise subject to collateral attack." *Hill v. United States,* 368 U.S. 424, 426-27 (1962); *see also,* 28 U.S.C. §2255.  The threshold showing for relief under a §2255 motion is much higher than on direct appeal:  a petitioner must show, by the preponderance of the evidence, that his constitutional rights were denied or infringed or that a serious jurisdictional defect existed.  *See Stone v. Powell,* 428 U.S. 465, 477 (1976); *United States v. Frady,* 456 U.S. 152, 166 (1982).  In addition, a court may grant relief under §2255 if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice," or is "so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

## III.

**A.**     **Incorrect Sentence as Grounds for Collateral Review**

Petitioner asserts that his sentence was erroneously calculated because the court wrongly determined Petitioner to be an armed career criminal under 18 U.S.C. § 924(e). An appeal of an incorrect sentence based on federal sentencing guidelines should have been raised on direct appeal, however, not in a 28 U.S.C. § 2255 motion. *See United States v. Calderon*, No. 98-1335, 1999 U.S. App. LEXIS 24307, *9 (6th Cir. Sept. 27, 1999)(Noting "Alleged Guideline violations

do not constitute error that result in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'"). The failure to raise this issue on direct appeal constitutes a waiver of the issue. A collateral challenge to the petitioner's sentence cannot substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Non-constitutional errors, including mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from this general rule of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert denied*, 517 U.S. 1200 (1996).

Petitioner did appeal his original conviction to the Sixth Circuit Court of Appeals, challenging the denial of his motion to suppress evidence. The Court of Appeals affirmed this Court's ruling denying that motion. (ECF #124.) At that time, Petitioner could have, and should have appealed his sentence and status as an armed career criminal if he believed that they were wrongly determined. By failing to raise these issues on direct appeal, Petitioner waived his right to raise them in future collateral reviews. *See Logan v. United States*, 1995 U.S. App. LEXIS 38432, at *4 (failing to raise an issue at an earlier opportunity constitutes a waiver of the claim unless cause or prejudice is shown). Petitioner's claims, therefore, are procedurally defaulted, and his petition must be denied.

**B. The Alleged Incorrect Sentence.**

Even if Petitioner had not waived his claims by failing to raise them on direct appeal, there is no substantive merit to his allegations. Petitioner claims that his 1989 convictions in Cuyahoga County Common Pleas Court for Felonious Assault (No. 89-CR-235884) and Aggravated Burglary (89-CR-240907) should not have been considered in the determination of whether he is an armed career criminal, under 18 U.S.C. §924(e), because Petitioner did not admit guilt to these offenses during the course of the instant action. Petitioner, however, does

not contest that he was convicted of these prior crimes.  "In determining the nature of a prior offense, courts normally start - and stop - by looking at 'the fact of conviction and the statutory definition of the prior offense.'"*United States v. Medina - Almaguer*, 559 F.3d 420, 422 (6th Cir. 2009).  Further, although an admission of guilt is not necessary in order to consider prior convictions, the Petitioner plead guilty to both of these offenses in 1989, thereby admitting his guilt.

Felonious assault and aggravated burglary, the crimes Petitioner pled guilty to in 1989, are both considered to be "violent felon[ies]" as defined by 18 U.S.C. § 924(e)(1).  Additionally, Petitioner plead guilty to a another charge of Burglary in 2002 in Cuyahoga County Common Pleas Court (02-CR-413940). Therefore, as a matter of law, Petitioner's three previous convictions qualify Petitioner as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  There was no error, constitutional or otherwise, in the determination that Petitioner is a career offender or in the calculation of his sentence.   Petitioner's sentence is upheld, and Petitioner's Motion is DENIED.

**IV:**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set for above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED. (ECF #126.) Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S. C. § 2253(c); FED. R. APP. P. 22(b).  The law clearly supports a finding that Petitioner's claims are procedurally defaulted, and that they have no basis in fact or law.

IT IS SO ORDERED.

                                                    /s/ Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge

DATED: July 15, 2009

Case: 1:05-cr-00120-DCN Doc #: 136 Filed: 07/16/09 5 of 5. PageID #: 493